IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

RONTERRIUS TURNER,

    Petitioner,
v.                                                                              CASE NO. 4:16-cv-624-WS-GRJ

SECRETARY, DEPT.
OF CORRECTIONS,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner initiated this case by filing a *pro se* Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) He then filed an amended petition, which stems from his Gadsen County conviction for sexual battery on a child under twelve, and lewd or lascivious molestation. (ECF No. 4.) Respondent has filed a motion to dismiss, arguing that the Petition should be dismissed because Petitioner's claims are unexhausted and procedurally defaulted. (ECF No. 13.) Petitioner did not file a response. The motion is therefore ripe for review. Upon due consideration, the undersigned recommends that the motion to dismiss should be granted and the Petition should be dismissed.[1]

---

[1] The Court has determined that an evidentiary hearing is not warranted because the Court may resolve the Petition on the basis of the record. *See* Rule 8, Rules

# I. Summary of State Court Proceedings

Petitioner was charged by information in November 2011 with two counts of sexual battery on a child under twelve. (ECF No. 13-1 at 25.) The State then filed an amended information in November 2011 charging Petitioner with one count of sexual battery on a child under twelve and one count of lewd or lascivious molestation. (*Id.* at 44.) Petitioner proceed to trial and was convicted on both counts on December 11, 2011. (*Id.* at 59.) He was thereafter sentenced to life in prison in each count to run concurrently. (*Id.* at 63–65.)

Petitioner filed a notice of appeal to the First DCA on December 5, 2011. *Id.* at 68. Counsel filed an *Anders* brief on August 31, 2012, arguing that the appellate court should review whether the evidence was sufficient to sustain a conviction. *Anders v. California*, 386 U.S. 738, (1964); (ECF No. 13-2 at 206, 224.) Petitioner subsequently filed a motion for leave to file a *pro se* brief. (*Id.* at 236.) The First DCA granted the motion on September 6, 2012. *(Id.* at 239.) According to the First DCA's docket sheet, however, no *pro se* brief was ever filed. (ECF No. 13-3 at 176–177.) On February 28, 2013, the First DCA affirmed Petitioner's conviction but remanded the case to the circuit court to reduce Petitioner's fine. (ECF No.

---

Governing Habeas Corpus Petitions Under Section 2254.

13-2 at 241.) The mandate followed on March 26, 2013. (*Id.* at 244.)

Petitioner next filed a Rule 3.850 motion for postconviction relief on May 10, 2013, raising seven grounds of ineffective assistance of trial counsel. (*Id.* at 246.) The First DCA per curium affirmed Petitioner's judgment and sentence on March 31, 2016. (ECF No. 13-3 at 115.) The mandate followed April 26, 2016. (*Id.* at 117.) Petitioner then filed his Petition for Habeas Corpus in this court on October 4, 2016, followed by an amended petition on November 10, 2016. (ECF Nos. 1, 4.)

## II. Section 2254 Standard of Review

Before bringing a habeas action in federal court, a petitioner must exhaust all state court remedies that are available for challenging his conviction, either on direct appeal or in a state postconviction motion. 28 U.S.C. §§ 2254(b)(1), (c). Exhaustion requires that prisoners give the state courts a "full and fair opportunity" to resolve all federal constitutional claims by "invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). To properly exhaust a federal claim, a petitioner must "fairly present" the claim in each appropriate state court, thereby affording the state courts a meaningful opportunity to "pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese,* 541 U.S. 27, 29 (2004)

(quotation omitted); *see Castille v. Peoples*, 489 U.S. 346, 351 (1989) (to exhaust state remedies, a petition must fairly present each issue to the state's highest court).

When a petitioner fails to properly exhaust a federal claim in state court, and it is obvious that the unexhausted claim would now be procedurally barred under state law, the claim is procedurally defaulted. *Bailey v. Nagle*, 172 F.3d 1299, 1303 (11th Cir. 1999). Federal habeas courts are precluded from reviewing the merits of procedurally defaulted claims unless the petitioner can show either (1) cause for the failure to properly present the claim and actual prejudice from the default, or (2) that a fundamental miscarriage of justice would result if the claim were not considered. *Id*. at 1302, 1306.

Under 28 U.S.C. § 2254(d)(2), a federal court may not grant a state prisoner's application for a writ of habeas corpus based on a claim already adjudicated on the merits in state court unless that adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Under § 2254(e)(1), the petitioner must advance clear and convincing evidence that the state court's factual determination was "objectively unreasonable" to rebut the presumption that the determination was correct. *Gill v. Mecusker*,

633 F.3d 1272, 1287 (11th Cir. 2011); see also § 2254(e)(1).

As to legal findings, a petitioner is entitled to federal habeas relief only if the state court's adjudication of the merits of the federal claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." § 2254(d)(1). "[C]learly established Federal law, as determined by the Supreme Court of the United States," refers only to holdings (rather than *dicta*) of the Supreme Court, but decisions of lower federal courts may be considered to the extent that they demonstrate how those courts applied Supreme Court holdings. *Hawkins v. Alabama,* 318 F.3d 1302, 1309 (11th Cir. 2003) (citations omitted) ("The decisions of other federal circuit courts (and our decisions for that matter) are helpful to the AEDPA inquiry only to the extent that the decisions demonstrate that the Supreme Court's pre-existing, clearly established law compelled the circuit courts (and by implication would compel a state court) to decide in a definite way the case before them."). *See also Carey v. Musladin,* 549 U.S. 70, 74–77 (2006) (§ 2254 refers to holdings, rather than *dicta,* of the Supreme Court, collecting circuit cases "[r]eflecting the lack of guidance from this Court," on the issue).

The "contrary to" and "unreasonable application" clauses of §

2254(d)(1) have independent meanings. *Williams v. Taylor,* 529 U.S. 362, 404–06 (2000); *Bell v. Cone,* 535 U.S. 685, 694 (2002) (citing *Williams*, 529 U.S. at 362). "Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams,* 529 U.S. at 412–13. "Avoiding these pitfalls [described in *Williams v. Taylor*] does not require citation of our cases-indeed, it does not even require *awareness* of our cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer,* 537 U.S. 3, 8 (2002) (emphasis in original). Further, "whether a state court's decision was unreasonable must be assessed in light of the record the court had before it." *Holland v. Jackson,* 542 U.S. 649, 652 (2004).

In *Gill*, the Eleventh Circuit clarified how the federal habeas court should address the "unreasonable application of law" and the "unreasonable determination of facts" tests. The court acknowledged the

well-settled principle that summary affirmances, such as the Florida First District Court of Appeal's in this case, are presumed adjudicated on the merits and warrant deference. 633 F.3d at 1288 (citing *Harrington v. Richter*, 526 U.S. 86 (2011), and *Wright v. Sec'y for the Dep't of Corr.*, 278 F.3d 1245, 1254 (11th Cir. 2002)). "A judicial decision and a judicial opinion are not the same thing," and the Supreme Court has confirmed that determining whether the state court unreasonably applied the law or unreasonably determined the facts requires only a decision, not an opinion. *Id*. at 1291 (citing *Harrington*, 131 S. Ct. at 784). Yet, the Supreme Court has never squarely addressed whether under the "unreasonable application" test a federal habeas court "looks exclusively to the objective reasonableness of the state court's ultimate conclusion or must also consider the method by which the state court arrives at its conclusion." *Id.* at 1289 (quoting *Neal v. Puckett*, 286 F.3d 230, 244–45 (5th Cir. 2002) (summarizing the emerging circuit split)). The Eleventh Circuit concluded that district courts must apply the plain language of § 2254(d) and answer the "precise question" raised in a claim based on the state court's ultimate legal conclusion, and should not "evaluate or rely upon the correctness of the state court's process of reasoning." *Id.* at 1291. In short, the court stated, "the statutory language focuses on the result, not on the reasoning

that led to the result." *Id.*

In light of *Gill,* the "unreasonable determination of facts" standard plays a limited role in habeas review because the district court considers the reasonableness of the trial court's fact finding only to the extent that the state court's ultimate conclusion relied on it. *Id*. at 1292. A federal habeas court can consider the full record before it to answer "the only question that matters[:]" whether the state court's decision was objectively unreasonable. *Gill*, 133 F.3d at 1290.

### III. Discussion

Petitioner raises two claims in his amended petition, which he says are actual innocence claims based on newly discovered evidence. (ECF No. 4). Both claims challenge the sufficiency of the evidence to find him guilty of sexual battery on a child under twelve and lewd or lascivious molestation. Specifically, Petitioner argues that the verdict form excluded any specific finding that he *knowingly* committed a sexual battery. *Id.*

Respondent argues that this claim is unexhausted and procedurally defaulted. The Court, however, disagrees.

Liberally construed, Petitioner's claims challenge the sufficiency of the evidence. Counsel raised the sufficiency of the evidence in the *Anders* brief. (ECF No. 13-2 at 224.) This claim is, therefore, exhausted and not

procedurally defaulted.

Nevertheless, Petitioner's claim fails on the merits because the state court's decision was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. 28 U.S.C. § 2254(d)(2).

Under 28 U.S.C. § 2254(e)(1), "a determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner has the "burden of rebutting the presumption of correctness by clear and convincing evidence." When reviewing sufficiency of the evidence, a court must view the evidence in the light most favorable to the prosecution and determine whether a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). "In determining whether the facts of a particular case satisfy the *Jackson* standard, it is necessary to refer to the essential elements of the crimes as defined by state law." *Wilcox v. Ford*, 813 F.2 1140, 1143 (11th Cir. 1987).

Florida law provides that "a person 18 years of age who commits sexual battery upon, or in an attempt to commit sexual battery injures the sexual organs of, a person less than 12 years of age commits a capital felony." Fla. Stat. § 794.011(2)(a). Sexual battery is defined as "oral, anal,

or vaginal penetration by, or union with, the sexual organ of another or the anal or vaginal penetration of another by any other object." Fla. Stat. § 794.011(1)(h).

The victim's testimony, if believed by the jury, fully establishes union between the Petitioner's sexual organs and the victim's sexual organs. For starters, the victim testified that he was nine years old at the time of the incident. (ECF No. 13-2 at 77.) The state and defense agreed Petitioner was 18 years of age or older at the time of the alleged crime. (*Id.* at 153.) The victim described how Petitioner grabbed the victim, put the victim on his stomach, and put "his private part in [victim's] butt." (*Id.* at 87).

Jurors also heard the victim's interview with a Child Protection Team case specialist, which was taped shortly after the incident and detailed the sexual battery. (*Id.* at 77–103.) The victim identified for the case specialist what he meant by the Petitioner's "private parts" by pointing to the body parts on a picture of a naked man. (*Id.* at 96).The interview between the case specialist and the victim established there was contact between the Petitioner and the victim's sexual organs. (*Id.* at 95–100.)

A medical expert testified, explaining how victims of this type of sexual battery may not receive scars or bruises, and the fact that the victim did not show signs of battery does not suggest no battery or sexual contact

happened. (*Id.* at 116–119.) If believed, the testimony of the victim establishes the Petitioner committed the act.

Viewing the evidence in a light most favorable to the prosecution, a rational trier of fact could have found the essential elements of sexual battery with a child less than twelve years old beyond a reasonable doubt. Petitioner has therefore failed to demonstrate that the adjudication was based on an unreasonable determination of facts.

Finally, although it is unclear whether Petitioner also challenges the sufficiency of the evidence pertaining to his conviction for lewd or lascivious molestation, there was also sufficient evidence for a rational fact finder to determine that Petitioner committed lewd or lascivious molestation.

Under Fla. Stat. § 800.04(5)(a), "a person who intentionally touches in a lewd or lascivious manner the breast, genitals, or buttocks, or the clothing covering them, of a person less than 16 years of age. . . commits lewd or lascivious molestation." The terms lewd and lascivious are "synonyms that connote wicked, lustful, unchaste, licentious or sensual design on the part of the perpetrator." *Chesebrough v. State*, 255 So. 2d 675, 677 (Fla. 1971), *citing Boles v. State*, 27 So. 2d 293 (Fla. 1946). Lewd or lascivious interests "may be imputed from the circumstances." *Boles*, 27

So. 2d at 294.

The victim's testimony, if believed by the jury, establishes the Petitioner committed lewd or lascivious molestation against a victim less than twelve years old when he touched the victim's genitals and buttocks.

As previously discussed, the victim testified he was nine years old at the time of the incident, and the prosecutor and defense counsel agreed Petitioner was over 18 years old at the time. (ECF No. 13-2 at 7, 153). The victim testified that the Petitioner, two days after the alleged sexual battery, took the victim back to the area behind the trash can, pulled the victim's pants down, touched the victim's genitals and buttocks. (*Id.* at 51–53).

In the video of the victim's interview with the case specialist, the victim described how Petitioner grabbed the victim and covered his mouth to keep him from talking or shouting while Petitioner touched him. (*Id.* at 93). Viewing the evidence in a light most favorable to the prosecution, a rational trier of fact could have found Petitioner touched the victim's genitals and buttocks with a wicked, lustful, or licentious design. Petitioner does not show the adjudication was based on an unreasonable determination of facts. Accordingly, Petitioner is not entitled to federal habeas relief.

## **Certificate of Appealability**

Section 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

Rule 11(a) also provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED** that**:**

1. Respondent's Motion to Dismiss, ECF No. 13, should be **GRANTED**.

2.  The amended petition for writ of habeas corpus, ECF No. 4, should be **DISMISSED.**

3.  A certificate of appealability should be **DENIED.**

**IN CHAMBERS** at Gainesville, Florida this 18th day of June 2018.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.